1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUYDUONG NGUYEN, et al.,    ) | 1:11-CV-00755 AWI SMS |
|    ) | |
|       Plaintiffs,    ) | ORDER GRANTING |
|    ) | DEFENDANT'S MOTION TO |
|       v.    ) | DISMISS |
|    ) | |
| SAXON MORTGAGE SERVICING,    ) | [Doc. #7] |
| INC., et al.,    ) | |
|    ) | |
|       Defendants.    ) | |
| _____) | |

## INTRODUCTION[1]

Plaintiffs Thuyduong Nguyen and Jason Palarca obtained a residential home loan from Defendant Decision One Mortgage Company, LLC ("Decision One") in order to finance the real property located at 2968 Trigger Lane, Livingston, CA 95334.[2]  On January 10, 2007, a deed of trust was recorded against Plaintiffs' real property in the amount of $299,814.00.  The real property has not been sold at a foreclosure sale.

---

[1]      The Introduction is provided for background only and does not form the basis of the Court's decision; the assertions contained therein are not necessarily taken as adjudged to be true.  The legally relevant facts relied upon by the Court are discussed within the analysis.

[2]      It appears that Decision One has not been properly served by Plaintiffs.  To date, Decision One has not answered or appeared in this matter.

On February 4, 2011, Plaintiffs  filed a Complaint against Defendants Decision One and Saxon Mortgage Services, Inc. ("Saxon") in Merced County Superior Court.[3]  On May 10, 2011, Saxon removed the case to this Court based on federal question and diversity jurisdiction. Subsequently, on May 17, 2011, Saxon filed (1) a motion to dismiss or in the alternative motion for more definite statement; and (2) a motion to strike portions of Plaintiffs' Complaint. Plaintiffs failed to file an opposition to either of Saxon's motions.  For the reasons that follow, Saxon's motion to dismiss is granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[3]        Saxon was erroneously sued in the Complaint as Saxon Mortgage Servicing, Inc.

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" <u>Telesaurus VPC, LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

**DISCUSSION**

1.      Wrongful Foreclosure

In the first cause of action, Plaintiffs bring a wrongful foreclosure claim.  "Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred." <u>Manzano v. Metlife Bank, N.A.</u>, No. CIV. 2:11–651 WBS DAD, 2011 WL 2080249, at *6 (E.D. Cal. May 25, 2011).  In the Complaint, Plaintiffs allege that the real property at issue has not been sold at a foreclosure sale.  Complaint at ¶ 5.  Since Plaintiffs' house has not yet been sold, a claim for wrongful foreclosure is not yet ripe.  Accordingly, Saxon's motion to dismiss Plaintiffs' first cause of action for wrongful foreclosure is GRANTED.

Within the wrongful foreclosure claim, Plaintiffs allege that all Defendants should be restrained from bringing a foreclosure sale against the Plaintiffs' real property.  Complaint at ¶ 13.  It appears that Plaintiffs are seeking an injunction against Defendants in order to prevent a foreclosure sale.  To the extent that Plaintiffs are seeking an injunction, Plaintiffs are granted leave to amend.

2.      Declaratory Relief

In the third cause of action, Plaintiffs request declaratory relief.  Plaintiffs seek "the remedy of cancellation of the improper foreclosure sale and restitution of the real property to the Plaintiffs."  Complaint at ¶ 17.

"The existence of an actual controversy relating to the legal rights and duties of the respective parties, suffices to maintain an action for declaratory relief."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 800 (2008).  Declaratory relief is improper in this case because Plaintiffs allege that no foreclosure sale has occurred.  Complaint at ¶ 5.  Thus, there is no actual controversy relating to the legal rights and duties of the respective parties. Accordingly, Saxon's motion to dismiss Plaintiffs' third cause of action for declaratory relief is GRANTED.

3.      Fraud, Intentional Misrepresentation and Negligent Misrepresentation

In the fourth, fifth and sixth causes of action, Plaintiffs bring claims for fraud, intentional misrepresentation and negligent misrepresentation.  In California, the elements of fraud are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance."  Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).

Under California law, the elements of a cause of action for intentional misrepresentation are: (1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent at the time of making the promise; (3) the promise was made with intent to deceive or with intent to induce the party to whom it was made to enter into the transaction; (4) the promise was relied on by the party to whom it was made; (5) the party making the promise did not perform; and (6) the party to whom the promise was made was injured.  Henein v. Saudi Arabian Parsons Ltd., 818 F.2d 1508, 1514 (9th Cir. 1987).

4

The heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure applies to claims for fraud, intentional misrepresentation and negligent misrepresentation. See Fed. R. Civ. P. 9(b); Robinson v. Wachovia Mortg., No. CIV. 2:10-3014 WBS GGH, 2011 WL 338502, at *3 (E.D. Cal. Jan. 31, 2011). Under Rule 9(b), "a party must state with particularity the circumstances constituting the fraud." A plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs fail to allege any misrepresentation by Saxon in the Complaint. Therefore, Plaintiffs have not stated a claim for fraud, intentional misrepresentation or negligent misrepresentation against Saxon. Accordingly, Saxon's motion to dismiss Plaintiffs' fourth, fifth and sixth causes of action for fraud, intentional misrepresentation and negligent misrepresentation is GRANTED without prejudice and with leave to amend.

4.      Quiet Title

In the ninth cause of action, Plaintiffs bring a quiet title claim. The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to." Newman v. Cornelius, 3 Cal. App. 3d 279, 284 (1970). California law requires a plaintiff seeking to quiet title in the face of a foreclosure to allege tender or an offer of tender of the amount borrowed. Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010); see also Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." Gjurovich v. Cal., No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010).

Plaintiffs' Complaint does not allege tender or an offer of tender of the amount borrowed. Therefore, Plaintiffs cannot sustain a quiet title action. Accordingly, Saxon's motion to dismiss Plaintiffs' ninth cause of action for quiet title is GRANTED without prejudice and with leave to amend.

5.      Breach of Contract

        In the tenth cause of action, Plaintiffs bring a breach of contract claim.  In California, "[a]

cause of action for breach of contract requires proof of the following elements: (1) existence of

the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach;

and (4) damages to plaintiff as a result of the breach."  Williams v. Bank of Am., No.

2:09-CV-3060-JAM-KJM, 2010 WL 3034197, at *4 (E.D. Cal. Jul. 30, 2010) (quoting CDF

Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)).  Plaintiffs' Complaint does not

identify the existence of any contract entered into between them and Saxon.  Therefore, Plaintiffs

have not stated a claim for breach of contract against Saxon.  Accordingly, Saxon's motion to

dismiss Plaintiffs' tenth cause of action for breach of contract is GRANTED without prejudice

and with leave to amend.

6.      Accounting

        In the eleventh cause of action, Plaintiffs bring a claim for an accounting.  A cause of

action for an accounting requires a showing that a relationship exists between the plaintiff and

defendant that requires an accounting, and that some balance is due to the plaintiff that can only

be ascertained by an accounting.  Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

Plaintiffs have not alleged any facts indicating the existence of a fiduciary relationship between

them and Saxon that requires an accounting and additionally have not alleged that some balance

is due to them that can only be ascertained by an accounting.  Therefore, Plaintiffs have failed to

state a claim for an accounting against Saxon.  Accordingly, Saxon's motion to dismiss

Plaintiffs' eleventh cause of action for an accounting is GRANTED without prejudice and with

leave to amend.

7.      Cancellation of Trustee's Deed, Rescission and Restitution, and Constructive Trust

        In the second, seventh and eighth causes of action, Plaintiffs bring claims for cancellation

of trustee's deed, rescission and restitution, and constructive trust respectively.  These claims are

not independent causes of action.  First, a request to cancel the trustee's deed is "dependent upon

6

a substantive basis for liability, [and it has] no separate viability." <u>Glue-Fold, Inc. v.</u>

<u>Slautterback Corp.</u>, 82 Cal. App. 4th 1018, 1023 (2000).  Second,  "[r]escission is not a cause of

action; it is a remedy."  <u>Nakash v. Superior Court</u>, 196 Cal. App. 3d 59, 70 (1987).  Third,

restitution is synonymous with unjust enrichment.  <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379,

387 (2004).  Unjust enrichment is "not a cause of action . . . or even a remedy, but rather a

principle, underlying various legal doctrines and remedies."  <u>Id.</u>  Finally, constructive trust is a

remedy and not a cause of action.  <u>Embarcadero Mun. Improvement Dist. v. Cnty. of Santa</u>

<u>Barbara</u>, 88 Cal. App. 4th 781, 793 (2001).

     As discussed above, since Plaintiffs have failed to succeed on any independently viable

claim, Plaintiffs' second, seventh and eighth causes of action also fail.  Accordingly, Saxon's

motion to dismiss Plaintiffs' second, seventh and eighth causes of action is GRANTED.

### CONCLUSION

     IT IS HEREBY ORDERED that Saxon's motion to dismiss Plaintiffs' Complaint is

GRANTED consistent with this order.[4]  Any amended complaint must be filed within twenty-one

(21) days of the filing of this order.

IT IS SO ORDERED.

Dated:   <u>July 1, 2011</u>

                    CHIEF UNITED STATES DISTRICT JUDGE

---

   [4]     In light of the Court dismissing Plaintiffs' Complaint, Saxon's motion to strike is
rendered moot.